UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6
O

| Case No. | CV 11-8233 CAS (RZx) | Date | January 9, 2012 |
|---|---|---|---|
| Title | RICHARD GRANT v. UNITED STATES OF AMERICA; ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| CATHERINE JEANG | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**   (In Chambers:) **RICHARD GRANT'S PETITION TO QUASH THIRD PARTY SUMMONS** (filed 10/4/2011)

**UNITED STATES OF AMERICA'S MOTION TO DISMISS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** (filed 10/27/2011)

## I.   INTRODUCTION & BACKGROUND

On August 11, 2011, Special Agent Alex Moran of the Internal Revenue Service's ("IRS") Criminal Investigation division issued a third party summons to Bio-Rad Laboratories, Inc. ("Bio-Rad"), in connection with a criminal investigation of petitioner Richard Grant ("petitioner"). See Petition, ¶ 7, Exh. A. The summons required Bio-Rad to produce documents relating to Bio-Rad's payments to, and contractual relations with, petitioner and/or petitioner's business, Grant Engineering. Id. at 2.

On October 4, 2011, petitioner, acting in *pro se*, filed a petition to quash the IRS's third-party summons issued to Bio-Rad. Dkt. No. 1. On October 27, 2011, the government filed a motion to dismiss the petition for lack of subject matter jurisdiction. Dkt. No. 4. Petitioner has not filed an opposition to the government's motion.

## II.   DISCUSSION

The government argues that the petition must be dismissed for lack of subject matter jurisdiction because there is "no waiver of sovereign immunity for petitions to quash third-party summonses for IRS criminal investigations where the summoned party is not a third-party recordkeeper under § 7603(b)(2)." Mot. at 3 (citing United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-8233 CAS (RZx) | Date | January 9, 2012 |
|---|---|---|---|
| Title | RICHARD GRANT v. UNITED STATES OF AMERICA; ET AL. | | |

Arthur Young & Co., 465 U.S. 805, 816–17 (1984); Bilan v. United States, 108 A.F.T.R.2d (RIA) 5089, 2011 U.S. Dist. LEXIS 69772, *3–5 (N.D. Cal. June 29, 2011); Reimer v. United States, 84 A.F.T.R.2d 99-6305 (E.D. Cal. 1999)).  The government contends that Bio-Rad is not a "third-party recordkeeper" within the meaning of the statute because it is merely a "life-science and clinical-diagnostics corporation."  Mot. at 4 (citing Beatty v. United States, 102 A.F.T.R.2d (RIA) 5518, 2008 U.S. Dist. LEXIS 59338, *6–7 (C.D. Cal. Jul. 30, 2008)).

   The Court finds that dismissal is appropriate.  "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Although the Internal Revenue Code "grants a right to sue the United States in the limited case of a petition to quash a summons," this rule "shall not apply to any summons . . . served on any person who is not a third-party recordkeeper."  Martini v. United States, 2006 WL 240803, *1 (D. Nev. Jan. 25, 2006); Bucker v. United States, 585 F. Supp. 564, 564 (N.D. Ill. 1984); 26 U.S.C. § 7609(c)(2)(E)(ii) (listing exceptions to waiver of sovereign immunity); Reimer, 84 A.F.T.R.2d 99-6305; Daniel v. U.S. Gov't, 2008 WL 752615, *1 (D. Ariz. Mar. 19, 2008) (finding that the two parties that were summoned "are not third-party recordkeepers" and therefore petitioner was "prohibited from exercising the right to begin a proceeding to quash the summonses" because "[t]he United States has not waived its sovereign immunity").  Internal Revenue Code § 7603(b) sets forth a defined list of "third-party recordkeepers" including banks, consumer reporting agencies, credit card companies, securities brokers, attorneys, accountants, barter exchanges, regulated investment companies, enrolled agents, and owners or developers of software source code.  See 26 U.S.C. § 7603(b).  Here, petitioner affirmatively alleges that Bio-Rad is *not* a third-party recordkeeper, and the facts support a finding that Bio-Rad is simply a life-science and clinical diagnostics corporation.  See Petition, ¶ 18 (alleging that "Bio-Rad Laboratories is not a third-party recordkeeper. . ."); Reimer, 84 A.F.T.R.2d 99-6305 at n.1 ("Petitioner specifically alleges . . . that Hapjack is not a third-party recordkeeper.  If this allegation is true (as the court must assume on a motion to dismiss), then the court's analysis must proceed under the assumption that Hapjack is, indeed, not a third-party recordkeeper.").

   Accordingly, because Bio-Rad is not a third-party recordkeeper within the meaning of the statute, the petition must be dismissed.  See Reimer, 84 A.F.T.R.2d 99-6305 ("As the United States has not waived immunity from suit with respect to petitions to quash an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-8233 CAS (RZx) | Date | January 9, 2012 |
|---|---|---|---|
| Title | RICHARD GRANT v. UNITED STATES OF AMERICA; ET AL. | | |

IRS summons directed to a third-party that is not a 'third-party record-keeper,' the Court lacks jurisdiction to entertain petitioner's motion to quash."); Martini, 2006 WL 240803 at *1 ("Since the Department of Taxation of the State of Nevada is not a third-party recordkeeper as defined by the applicable statute, the United States of America has not waived its sovereign immunity in this case."); Daniel, 2008 WL 752615 at *1; Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986) (holding that waiver of sovereign immunity must be demonstrated by the party suing the United States).

### III.   CONCLUSION

In accordance with the foregoing, the government's motion to dismiss the petition is GRANTED with prejudice.  The petition to quash summons is DENIED as moot.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |